UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

April 16, 2018

RE: *Stewart v. Lendmark Financial Services, LLC*
PWG-17-2683

**LETTER ORDER**

Dear Counsel and Mr. Stewart:

Plaintiff John Stewart, acting without an attorney, filed a lawsuit against Defendant Lendmark Financial Services, LLC ("Lendmark") in the District Court of Maryland for Charles County, and Lendmark removed the case to this Court. ECF Nos. 1, 2. He claims that Lendmark violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by failing to respond to the letters he sent, disputing the debts listed on his credit report. Compl. 1.

I issued a Letter Order Regarding the Filing of Motions, ECF No. 10, which requires a party to file a letter request before filing a substantive motion, such as a motion to dismiss. One purpose of this order is to allow plaintiffs the opportunity to amend their complaints to address any deficiencies defendants perceive, before defendants file any motion to dismiss. Lendmark filed a pre-motion letter, identifying the bases on which it believed Mr. Stewart's claims were subject to dismissal. ECF No. 12. I then issued a letter order allowing Mr. Stewart to amend his Complaint to address those alleged deficiencies on or before October 12, 2017. ECF No. 13. I stated that Lendmark could file a motion to dismiss if it still believed that the Complaint was deficient after Mr. Stewart amended, and I cautioned that any resultant dismissal based on a ground raised in Defendant's pre-motion request likely would be with prejudice. *Id.*

Mr. Stewart did not file an amended complaint, but he did file a two-page letter response to my order on October 11, 2017, stating that he had sent three letters to Lendmark disputing the contents of his credit report; he attached the three letters to his response. ECF Nos. 14, 14-1. Lendmark filed the pending Motion to Dismiss, ECF No. 15, and supporting memorandum, ECF No. 15-1, arguing that, even if the letter is treated as an amendment or supplement to Mr. Stewart's Complaint, Plaintiff nonetheless still fails to state a claim under either the FDCPA or FCRA.

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

Although at this stage of the proceedings, I accept the facts as alleged in Mr. Stewart's Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), when reviewing a motion to dismiss, I "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Lendmark argues that Mr. Stewart cannot state a claim against it under the FDCPA, because Lendmark is a creditor, not a debt collector, and the FDCPA provisions do not apply to creditors. And, with regard to the FCRA claim, Lendmark contends that it had no duty under the FCRA until Mr. Stewart reported his dispute to a credit reporting agency and the agency notified Lendmark of the dispute, neither of which Mr. Stewart alleged. I agree with Lendmark and adopt the reasoning in its well-written memorandum, which is incorporated here by reference. Mr. Stewart fails to state a claim under either the FDCPA or FCRA.

Thus, despite Lendmark's letter outlining the deficiencies in Mr. Stewart's complaint, Plaintiff failed to cure his pleading deficiencies. Thus, considering Plaintiff's failure to state a claim despite having been informed by the Defendant of the specific pleading deficiencies that it perceived in the original complaint, dismissal with prejudice is appropriate. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013); *see also Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013). Moreover, given the legal deficiencies noted in Lendmark's memorandum with regard to the claims against it, further amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that reasons to deny leave to amend include, *inter alia*, "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment").

Accordingly, Lendmark's Motion to Dismiss, ECF No. 15, is granted, and Plaintiff's Complaint is dismissed with prejudice. The Clerk shall close this case and send a copy of this Order to Mr. Stewart. Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
Paul W. Grimm
United States District Judge